# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 18cr5469-LAB-1 |
|---|---|
| Plaintiff, | |
| vs. | **ORDER DENYING MOTION FOR REDUCTION OF SENTENCE [DOCKET 48]** |
| CORINA DURAN, | |
| Defendant. | |

Corina Duran pled guilty in 2019 to conspiracy to import methamphetamine in violation of 21 U.S.C. §§ 952, 960, and 963, and 18 U.S.C. § 2. The Court imposed a total custodial sentence of 120 months — the mandatory minimum sentence — followed by seven years of supervised release. She is currently being held at FCI Dublin.

After serving 26 months, Duran moved for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, a court may modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a). Duran's motion cited her medical condition, arguing that she was in danger of contracting and suffering serious consequences from COVID-19, and asking to be released. The Government filed an opposition.

Duran points out that she has high blood pressure and an elevated heart rate, which may be caused by hyperthyroidism. She is transgender and is taking testosterone injections. Finally, she is obese, with a BMI of 36. The Government concedes that her obesity could be a risk factor for COVID-19 complications, but denies that the remainder put her at any particular risk. Duran supports her application with medical records, as well as the declaration of Dr. Tara Vijayan, a specialist in infectious diseases and internal medicine. Dr. Vijayan's declaration was prepared in November of 2020, and is not specific to Duran. Rather, it provides information about COVID-19 risks as they were understood and prison conditions as they existed at the time. Some of the information has changed, notably the availability and effectiveness of vaccines and the infection rate in federal correctional facilities.

Even if Duran's health problems put her at increased risk of serious complications, other factors mitigate the risk. She is 23 years old and her health conditions are being treated. She previously tested positive for COVID-19, and has recovered.[1] The evidence provided shows, at most, that reinfection is possible, not that it is likely. Additionally, vaccines have become available and are being administered to BOP prisoners. Duran does not say whether she has been vaccinated, but most inmates at FCI Dublin have been. As of this week, 561 inmates (of 763) and 174 staff at the facility have been fully vaccinated. *See* https://www.bop.gov/coronavirus/ (visited June 15, 2021). One Dublin inmate and three staff currently have confirmed active cases of COVID-19. *Id.* In view of these facts, the risk to her appears small. *See United States v. Moore*, 2021 WL 2417722, slip op. at *3 (D. Id. June 11, 2021) (describing the risk of reinfection as negligible, particularly in light of vaccine availability and

---

[1] Duran's brief makes the *pro forma* argument that a medical test is necessary to confirm she has recovered. But it is clear she is not experiencing symptoms, or she would have said so.

the low number of active cases at the facility where she was being held). If she herself has been vaccinated, the risk is even lower. *See United States v. Cole*, 2021 WL 2402299, slip op. at *7 (E.D. Cal., June 11, 2021) (holding that a prisoner's vaccination undercuts claims of extraordinary and compelling circumstances). Having considered Duran's motion and documentation, the Court concludes that no extraordinary or compelling circumstances warrant a sentence reduction.

But even if the Court found extraordinary and compelling circumstances, consideration of the 18 U.S.C. § 3553(a) factors does not support Duran's claim. She has a significant criminal record, and the offense for which she was sentenced was a serious one. She has served only a fraction of her sentence. The need for specific deterrence, protection of the public, and promotion of respect for the law counsel weigh against early release. These, along with the other § 3553(a) factors, favor leaving her original sentence undisturbed.

Duran has not shown that remaining in custody puts her in any particular danger either now or in the future, nor has she established extraordinary or compelling circumstances. Even if she had, the § 3553(a) factors weigh against a sentence reduction. Her request for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 15, 2021

Honorable Larry A. Burns
United States District Judge